NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.B.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 23-3449 (ZNQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court on J.B.'s ("Plaintiff") appeal of the Social Security Administration's denial of her request for Disability Insurance Benefits under Title II and/or Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. (ECF No. 1; "Moving Br.," ECF No. 10.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c), and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] After reviewing the parties' submissions and the Administrative Record ("AR.," ECF No. 7), the Court finds that although the Administrative Law Judge's ("ALJ") decision was thorough and detailed, the ALJ failed to properly analyze James Campbell's medical opinions pursuant to 28 C.F.R. § 404.1520c. Accordingly, the Commissioner's decision will be **VACATED** and this matter will be **REMANDED**.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an initial application for social security disability benefits arising from a disability beginning on August 17, 2020. (AR. at 156.) Her alleged disability stems from a motor vehicle accident and includes cervical disc herniation, nerve damage in her back, a disc bulge, iron deficiency, and post-traumatic stress disorder. (Moving Br. at 2) Plaintiff's claim for disability benefits was denied initially and on reconsideration. (AR. at 156.) Thereafter, Plaintiff appeared before ALJ Kenneth Ayers on June 9, 2022. (*Id.* at 110–131.) On July 7, 2022, the ALJ denied Plaintiff's claim. (*Id.* at 153–176) The Appeals Council then remanded the matter to the ALJ for a new hearing. (*Id.* at 177–183.) On remand, pursuant to the Appeals Council's opinion and order, the ALJ was to (1) give further consideration to the claimant's maximum residual functional capacity ("RFC") during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations; and (2) if warranted by the expanded record, obtain supplemental evidence from a vocational expert. (*Id.* at 38.)

A.  **Remand before ALJ**

On January 19, 2023, a rehearing took place before the ALJ. (*Id.* at 63.) At the rehearing, Plaintiff and a vocational and medical expert testified. (*Id.*) Thereafter, on February 20, 2023, the ALJ again denied Plaintiff's disability claim. (*Id.* at 39.) The ALJ concluded that Plaintiff "has not been under a disability within the meaning of the Social Security Act from August 17, 2020 through the date of this decision." (*Id.*) More specifically, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act but that Plaintiff has not engaged in substantial gainful activity. (*Id.* at 40.) The ALJ found that Plaintiff suffered from the following severe impairments: spine disorder with radiculopathy; bilateral carpal tunnel syndrome; and obesity (20 CFR 404.1520(c)), but noted that Plaintiff did not have "an impairment or combination

of impairments that meets or medically equals the severity of one of the listed impairments." (*Id.* at 42.) After careful consideration of the entire record, the ALJ found that Plaintiff had an RFC to perform sedentary work as defined in 20 CFR 404.1567(a), with exceptions. (*Id.* at 44.) The ALJ stated that Plaintiff was unable to perform any past relevant work, (*id.* at 52), but that after considering Plaintiff's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.*)

### B. Appeals Council

Plaintiff appealed the ALJ's decision once again to the Appeals' Council. (*Id.* at 1–6.) On May 15, 2023, the Appeals Council denied Plaintiff's appeal, writing that it "found no reason under our rules to review the Administrative Law Judge's decision." (*Id.* at 1.) It thus denied Plaintiff's request for review and emphasized that the "Administrative Law Judge's decision was the final decision of the Commissioner of Social Security." (*Id.*) Plaintiff now seeks review from this Court.

## II. LEGAL STANDARD

### A. Standard of Review

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). In reviewing applications for social security disability benefits, the district court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial

3

evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). And "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require an explanation from the ALJ of the reason why probative evidence has been rejected to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (internal citation omitted).

**B.    Applicable Law**

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

4

> other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows:

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's RFC and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. DISCUSSION

Plaintiff makes three main arguments before the Court. First, Plaintiff argues that the ALJ failed to properly evaluate the medical source opinions resulting in an RFC that was not based on substantial evidence. (Moving Br. at 21.) Plaintiff contends that the ALJ failed to provide proper rationale for why certain opinions favored his decision. (*Id.* at 23.) She explains that the ALJ improperly reviewed Dr. Nasser Ani's ("Dr. Ani"), (*id.* at 23–29), Dr. Allan Levine's ("Dr. Levine"), (*id.* at 30–31), and James Campbell's ("Dr. Campbell") opinions, (*id.* at 32–33.) Second, Plaintiff argues that the ALJ erred when he rejected Plaintiff's medically established need for a hand-held device when assessing the RFC. (*Id.* at 33.) Lastly, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony. (*Id.* at 37–39.) The Court will address each argument in turn.

For claims such as this one filed after March 27, 2017, the ALJ must assess the persuasiveness of the medical opinions and prior administrative findings based on the five factors

enumerated in 20 C.F.R. § 404.1520c. *Lynch v. Comm'r Soc. Sec.*, Civ. No. 23-1982, 2024 WL 2237961, at *2 (3d Cir. May 17, 2024). Those factors are (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important factors when assessing persuasiveness. 20 C.F.R.§ 404.1520c(a). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Likewise, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). 20 C.F.R. § 404.1520c(b)(1) additionally explains that the ALJ must consider the five factors for "all of the medical opinions and prior administrative medical findings in [Plaintiff's] case record."

The ALJ must articulate how they considered supportability and consistency when determining the persuasiveness of each medical opinion; explanation as to the other three factors is not required. *Lynch*, 2024 WL 2237961, at *2. As stated above, the ALJ's decision, when read as whole, must demonstrate that the appropriate factors were considered and the record must be sufficiently developed—and the findings must be sufficiently explained—to allow for meaningful review. *Id.* Additionally, the ALJ must explain the reasons for their decisions. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). Notably, if there are opposing medical opinions that are equally well-supported and consistent, then supportability and consistency are not dispositive. *Id.* If so, the ALJ must "articulate how [she] considered the other most persuasive

7

factors." 20 C.F.R. § 404.1520c(b)(3). Thus, under the regulations, "administrative judges must always explain the reasons for their decisions. But that does not mean always explaining all the factors." *Zaborowski*, 115 F.4th at 639.

Here, the Court is not fully satisfied that the ALJ properly analyzed the doctors' opinions and testimony pursuant to the five factors set out in 20 C.F.R.§ 404.1520c. The Court finds that the ALJ did properly review Dr. Ani and Dr. Levine's medical findings but failed to review the medical opinions and findings of Dr. Campbell, Plaintiff's chiropractor.

In its opinion, the ALJ reviewed Dr. Ani's testimony at length, stating that the doctor's opinions "only have partial persuasiveness." (AR. at 50.) The ALJ then discussed the supportability factor, noting that "these opinions are based on personal examination of the claimant by the claimant's own medical source," and that "Dr. Ani's opinion . . . . appears speculative as there is no clear rationale with supporting evidence." (*Id.*) Additionally, the ALJ explained that

> Dr. Ani's opinions in the record do not change much as they generally indicate that the claimant is restricted to less than sedentary level work. However, these findings are also expressed in a somewhat cursory manner without a full functional analysis of each of the claimant's abilities and limitations expressed in a quantifiable manner.

(*Id.*) The ALJ also discussed the consistency factor, explaining that "although the record does reflect that the claimant has severe physical impairments, the record reflects that the claimant is capable of sedentary work, subject to the additional limitations specified in the residual functional capacity finding above." (*Id.* at 51.) In his analysis, the ALJ compared Dr. Ani's opinions with that of Dr. Sharma and Dr. Kadimcherla. (*Id.*) As such, it is clear to the Court that the ALJ thoroughly stated its reasoning as to its evaluation of Dr. Ani's medical opinions.

The ALJ also thoroughly analyzed Dr. Levine's medical opinions. (*Id.*) The ALJ found "the opinions of [Dr. Levine] to be partially persuasive, but more persuasive than the opinions of

8

Dr. Ani." (*Id.*) The ALJ then addressed supportability, explaining that Dr. Levine cited to the record but also "opine[d] as to certain limitations that are not program compliant as not in vocationally acceptable terms." (*Id.*) In short, the ALJ properly analyzed Dr. Levine's opinions and his review is not "conclusory and vague" as Plaintiff suggests. (Moving Br. at 30.) Plaintiff claims she was harmed by the ALJ's failure to properly evaluate Dr. Levine's opinion but the ALJ noted that the "opinions of [Dr. Levine] are generally consistent with the overall record, which reflects that the claimant is capable of sedentary work, subject to the additional limitations specified in the residual functional capacity finding." (AR. at 52.)

Lastly, Plaintiff argues that the ALJ erred by failing to properly analyze the medical opinions and findings of Dr. Campbell. (Moving Br. at 32.) The Court has carefully reviewed the Administrative Record and the ALJ's decision and agrees with Plaintiff. The ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(1) by failing to discuss Dr. Campbell's medical findings and opinions. The Administrative Record contains numerous documents from Campbell Chiropractic Center that set forth opinions about Plaintiff's injuries. (AR. at 574–734). Although (1) some of Dr. Campbell's progress notes indicate that Plaintiff's back and discs were normal, and (2) Dr. Levine testified at the remand hearing as an expert as to Plaintiff's orthopedic issues, which implicitly subsume Plaintiff's treatment before Dr. Campbell, there is evidence in the record to suggest that there exists information in Dr. Campbell's medical findings stating alternative conclusions to that of the ALJ. (*See, e.g., id.* at 613, 624). For example, on January 15, 2021, Dr. Campbell

> provided a narrative report regarding the claimant's impairments. Claimant continued to experience recurrent lower back pain and neck pain with stiffness that prevented her from returning to work with Wayfair, LLC. A physical examination showed discomfort and guarded movements, and reduced ROM in the neck and back. Dr. Campbell noted that claimant's ongoing pain, numbness, and

9

> restriction in her cervical and lumbar spine would continue to interfere with performing many of her basic daily and work activities. Dr. Campbell opined that claimant was disabled and unable to return to work.

(AR. at 503.) The ALJ's decision is devoid of any reference to Dr. Campbell's medical findings and opinions. Thus, although the ALJ's opinion was thorough and well-reasoned, he failed to adequately explain and articulate his "consideration of medical opinions and prior administrative medical findings" with respect to Dr. Campbell. As such, the ALJ did not make a "determination or decision [regarding] how persuasive [he] find[s] *all* of the medical opinions and *all* of the prior administrative medical findings in [Plaintiff's] case record." 20 C.F.R. § 404.1520c(b) (emphases added). Additionally, although "[a] written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level [his or her] analysis of a particular line of evidence," *Phillips v. Barnhart*, 91 F. App'x. 775, 780 n.7 (3d Cir. 2004), the ALJ here failed to even mention Dr. Campbell's medical review of Plaintiff.

Therefore, the Court finds that the ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(1) and this case must be remanded to the ALJ for an analysis of all the medical opinions and findings in the Administrative Record. A remand is appropriate even if, upon further examination of the medical opinions, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. Civ. No. 18-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, Civ. No. 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020). Because the Court remands the matter as to this issue, the Court need not reach Plaintiff's remaining arguments.

## IV. CONCLUSION

For the reasons stated above, the Commissioner's decision denying Plaintiff's application for benefits is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion. An accompanying order will follow.

Date: **January 28, 2025**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE